### MALAN–DEAN CORPORATION and Continental Casualty Co., Plaintiffs-Appellees,

v.

### The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.

### No. 512, Docket 79–7609.

United States Court of Appeals, Second Circuit.

Argued Dec. 27, 1979.

Decided Feb. 6, 1980.

---

Frederick C. Stern, New York City (Blum, Haimoff, Gersen, Lipson, Slavin & Szabad, Louis Haimoff, New York City, of counsel), for plaintiffs-appellees.

Richard H. Tunstead, New York City (Tunstead & Schechter, Marian Lewis, New York City, of counsel), for defendant-appellant.

Before MOORE and TIMBERS, Circuit Judges, and MacMAHON, District Judge.*

PER CURIAM:

This controversy had its origin in a prime contract dated November 22, 1957 between the United States Navy and a contractor (referred to herein as Malan-Dean), for the construction of a jet engine test facility in Trenton, New Jersey. A part of the project was subcontracted to the Arthur E. Magher Company (Magher). Both Malan-Dean and Magher have long since been in bankruptcy. However, both companies supplied performance bonds, Malan-Dean with the Continental Casualty Company (Continental) and Magher with The Travelers Indemnity Company (Travelers). The protagonists in this hoped-for final round of the contest after twenty-three years, thus, are Continental and Travelers, Continental seeking to hold Travelers liable for alleged defaults by Magher. The issue of liability was tried before Judge Knapp in the United States District Court for the Southern District of New York, who determined that Travelers was obligated to make certain payments to Malan-Dean (Continental) and referred the determination of the amount to a United States Magistrate for calculation. The Magistrate, in a most painstaking analysis of scores of items in issue, rendered a report that was confirmed by Judge Knapp.

The facts and issues have so comprehensively been set forth by Judge Knapp and Magistrate Gershon in their respective opinion and report that further reference thereto would be surplusage except for one item to which we now refer.

In May, 1963 Malan-Dean submitted a claim to the Navy, as follows:

| | |
|---|---:|
| (a) Rewelding | $262,573.93 |
| (b) Reinforcing repairs | 162,890.41 |
| (c) Hydrostatic testing and special preparation for test | 288,509.90 |
| (d) Additional cost of exhaust gas cooler | 270,524.19 |
| TOTAL | $984,498.43 |

The item "Rewelding" was based upon Navy claims that the welding was defective and that rewelding was required. As the result of negotiations a "Change Order 'O' " was entered into with the Navy, reading in pertinent part, as follows:

"You are directed to perform additional rewelding; perform additional work in fabricating the special reinforcing rings and provide additional heating, insulation, etc., for the hydrostatic testing of

---

* Honorable Lloyd F. MacMahon, United States District Judge for the Southern District of New York, sitting by designation.

the facility, all as directed by the Officer in Charge of Construction; and for the work performance of the additional work included herein, the contract price is increased in the amount of $300,000. Increase $300,000." (Joint App. at 8).

The trial court was of the opinion that "it is hornbook law that where a debtor (the Navy in this instance) does not designate the application of payments, the creditor (Malan-Dean) may apply them to any portion of the indebtedness and the surety has no standing to insist on application to the debt for which he is liable—at least in situations where there is no objective evidence authorizing an allocation by the court (cf. Part III, *infra*)." (Joint App. at 23).

The general debtor-creditor situation is not analogous. Malan-Dean had submitted a claim for $984,498.43 consisting of four specifications one of which was for "Rewelding—$262,573.93". Change Order "O" referred to "additional rewelding"; the total increase of $300,000 was specified to cover all items listed therein. It was not a payment on account of a debt to be used by the creditor at will.

The Magistrate in her report relied upon Judge Knapp's conclusion "that Malan-Dean had the right to credit the full $300,-000 awarded by Change Order O to debts for which it had no surety". The Magistrate also excluded Exhibit T which Travelers argues constitutes an admission that at least $62,419.78 was received for rewelding.

Since we believe that an appropriate portion of the $300,000 should have been applied and credited to rewelding and that Exhibit T was admissible, the case will have to be remanded to Judge Knapp and through him to Magistrate Gershon for appropriate calculations as to this item. In all other respects the judgment is affirmed.